# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 11-cr-40085-JAR ) |
| RICHARD ADRIAN SANCHEZ, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant's Motion for Reconsideration (titled "Notice of Appeal) (Doc. 30) and Motion to Compel Counsel to Acquire and Produce (Doc. 33) and the Government's Motion to Strike Defendant's *Pro Se* Motion for Reconsideration (Doc. 31) and Motion to Strike Defendant's *Pro Se* Motion to Compel Counsel to Acquire and Produce (Doc. 34). The Government asks the Court to strike Defendant's motions because they are filed *pro se* even though he is represented by counsel. The Government also argues that for each motion Defendant has failed to provide the appropriate basis for relief. The motions are fully briefed, and the Court is prepared to rule. As explained below, the Government's and Defendant's motions are denied.

## I. Procedural Background

On September 12, 2011, Defendant was charged with one count of possession with intent to distribute over 500 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) by Complaint. On September 16, 2011, he made his initial appearance and counsel was appointed to represent him. On September 28, 2011, an Indictment was returned, charging Defendant with the same violation charged in the

Complaint. On October 31, 2011, Defendant filed a Motion to Suppress Evidence. After an evidentiary hearing on November 23, 2011, the Court denied Defendant's motion on December 7, 2011. Defendant filed his *pro se* motion for reconsideration on December 19, 2011. He then filed his *pro se* motion for an order to compel discovery on January 3, 2012.

## II.  Motions to Strike Defendant's *Pro Se* Filings

The Court will first address the Government's motions to strike Defendant's *pro se* filings. The Government argues that Defendant's motions are not properly before the Court because Defendant "is represented by appointed counsel and is therefore not entitled to also act *pro se*."[1] Defendants have no constitutional right to a hybrid form of representation where they proceed with the assistance of counsel and through *pro se* filings.[2] "When defendants have the assistance of counsel, courts need not consider any filings made *pro se*."[3] The Court, however, is not prohibited from considering *pro se* motions when defendants are represented by counsel: "'[P]ermission for [hybrid representation] [is] recognized as being discretionary with the trial court.'"[4] Thus, the Court has discretion to consider Defendant's *pro se* filings and exercises that discretion here. As a result, the Court denies the Government's motions to strike. Nonetheless, the Court advises Defendant that the Court is under no obligation to consider future *pro se* motions filed while he is represented by counsel, and the Court directs Defendant to file any future motions made while represented by counsel through his counsel.

---

[1] Doc. 31, at 3 ¶ 7; Doc. 34, at 2 ¶ 4.

[2] *See United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976).

[3] *United States v. Sandoval-De Lao*, 283 F. App'x 621, 625 (10th Cir. 1995) (citing *Bennett*, 539 F.2d at 49).

[4] *Id.* (quoting *Bennett*, 539 F.2d at 49) (alteration in original).

2

## III. Motion for Reconsideration

The Court next considers Defendant's motion for reconsideration. On October 31, 2011, Defendant filed a motion to suppress evidence claiming, among other arguments, that the officers had no reasonable articulable suspicion to believe that he had committed a traffic violation when they stopped his vehicle. The Government argued that the officers observed Defendant commit a turn signal violation before stopping him. During the November 23, 2011 hearing on the motion, the Government submitted into evidence a video recording made from the officers' in-car recording system, which recorded the turn signal violation. Defendant's counsel expressed concern that the copy of the recording that had been produced to Defendant did not record the turn signal violation. The Government provided Defendant a new copy, and the Court allowed Defendant time to submit supplemental briefing. After Defendant's counsel viewed the video, she declined to file any further briefing. On December 7, 2011, after considering the parties' briefs and the arguments and evidence presented at the November 23, 2011 hearing, the Court issued a Memorandum and Order denying Defendant's Motion to Suppress. In the Order, the Court found the police officer's testimony credible and found that the video recording supported the officer's testimony. Further, the Court found that the police officers legally stopped Defendant because the officers observed Defendant turn right without using his turn signal.

On December 19, 2011, Defendant filed a *pro se* motion stating that he had viewed the video recording of his traffic stop from the in-car recording system and believed that it showed that he used his turn signal when turning right. In light of his conclusion, he asked the Court to "make a dismissal of his suppression motion," which the Court has construed as a request for

reconsideration of its order denying his motion to suppress evidence.

> Rarely do parties in criminal proceedings file motions to reconsider rulings on pretrial motions. This court believes that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.[5]

Defendant has not made any of the required showings. Defendant does not argue that there has been any change in the controlling law. He has similarly failed to show the availability of new evidence. The video recording was submitted into evidence and examined by the Court before it issued the Order denying Defendant's motion to suppress. The Defendant has also failed to show any need to correct clear error or prevent manifest injustice. The Court has reviewed the video recording and determined that its earlier findings are correct and that there is no need to correct a clear error or prevent manifest injustice. Thus, the Court denies Defendant's motion for reconsideration.

## IV.     Motion to Compel Counsel to Acquire and Produce

The Court also denies Defendant's *pro se* Motion to Compel Counsel to Acquire and Produce. Defendant requests production of discovery from the Government. The Government responded, stating that it has made full discovery to Defendant's counsel for all but one request—a report of the fingerprint analysis of the packaging of the methamphetamine. The Government explains that it has not yet received the report but will disclose the report when it is received. The Court thus finds that Defendant's request for production is moot and therefore

---

[5] *United States v. Carr*, No. 06-40147-SAC, 2007 WL 1989427, at *1 (D. Kan. June 20, 2006) (citations and quotations omitted).

denies his motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reconsideration (titled "Notice of Appeal") (Doc. 30) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Counsel to Acquire and Produce (Doc. 33) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Government's Motion to Strike Defendant's *Pro Se* Motion for Reconsideration (Doc. 31) is DENIED.

**IT IS FURTHER ORDERED** that the Government's Motion to Strike Defendant's *Pro Se* Motion to Compel Counsel to Acquire and Produce (Doc. 34) is DENIED.

**IT IS SO ORDERED**.

Dated: January 17, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE