**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-cr-40085-JAR |
| ) | |
| RICHARD ADRIAN SANCHEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER MEMORIALIZING JUNE 27, 2012 RULING

The Court held a hearing on Defendant's Motion to Reopen Record (Doc. 51) on June 27, 2012. Defendant appeared in person and by and through counsel J. Richard Lake. The United States appeared by and through counsel Duston Slinkard. Defendant's motion was fully briefed before the hearing, and after hearing arguments and statements of counsel at the hearing, the Court made oral findings. For the reasons stated on the record and as supplemented herein, Defendant's motion is denied.

First, the Court stated that it viewed Defendant's motion as a motion to reopen the record and not a motion for reconsideration of the Memorandum and Order denying his suppression motion. Second, after considering the factors both parties presented in their written briefs, the Court denied Defendant's motion. The Court found that the motion was untimely because it was filed more than six months after the Court entered its Memorandum and Order denying Defendant's suppression motion and more than four months after Mr. Lake was appointed as new counsel. The Court also stated that the character of the evidence and the effect of granting the motion to reopen did not weigh in favor of Defendant because Defendant had no new evidence and only speculated about the possibility that evidence could be found with the

assistance of a video expert.  Further, the Court determined that any new evidence presented would not change the Court's opinion on whether the trooper had reasonable suspicion to stop Defendant for a traffic violation.  The Court explained that for the same reasons, Defendant's former counsel did not provide ineffective assistance by failing to present expert testimony about the video recording of the traffic stop.  Lastly, the Court determined that reopening the evidence would cause prejudice to the Government by requiring extra time and expense in discovering any evidence the expert would offer and in preparing to cross examine the expert.  Granting the motion to reopen would also cause further cost and delay in Defendant's case, which has already been pending for over nine months.  In sum, the Court found that the factors weigh in favor of denying Defendant's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Reopen Record (Doc. 51) is DENIED.

**IT IS SO ORDERED**.

Dated: June 27, 2012

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE